The next case to call for oral argument is People v. Piper. My name is Timothy James Sting, and I represent the people of the state of Illinois. As you see, my opposing counsel has waived her argument. However, she raises three points in her reply agreement that I feel the state should address to clarify any issues for the court. Number one, she states, and I quote, that the defendant did not know about his co-defendant's sentence. And she quotes specifically from the defendant in his affidavit in which he said that… Now, state of the scene, the defendant stated that on page 52 of the record. However, on the same page of the record, the defendant also stated, and I quote, that his co-defendant, and I quote… He didn't know about that sentence until after he pled. Is that correct? But he states here that he was told by her attorney that his own words. I was told here by her attorney that he wanted me out of the way first so that she could receive what she got. So clearly, if he's told by his wife's attorney, his co-defendant's attorney, that they want him out of the way so that she can receive this other sentence, then he knew of her sentence. Because of that, the defendant's contradictory claims in his own affidavit, this court need no further review of the case at bar. The defendant's post-petition is factually and legally insufficient to its past muster on the first stage in and of itself because of his words. And even if this court were to liberally construe the words that he stated, maybe it was grammatically correct, but he intended to say that he didn't know about the sentence. Even if that court is true, if that was true, the defendant's second response in her reply brief was that the defendant not attached the record of his own co-defendant's record to prove that her sentence was more extraneous than his. And she stated the defendant didn't have to do that, that his own words in and of themselves, that his co-defendant received a lighter sentence than he did, would be enough. However, the key difference here is that it is a well-settled principle that if a disparate sentencing claim is made by a defendant, the defendant bears the burden to show that there was disparate sentences, something for the trial court to make a rational review of the record presented for it. As the record stands now, the trial court had nothing but the defendant's bold assertion. Its conclusory allegation is affidavit that his co-defendant received a lighter sentence than he did. There's nothing in the record to indicate otherwise. And for the defendant to state in her reply brief that the defendant did not need to do so and that all he needed to do was make the claim at the first stage of the post-conviction petition is not what the law indicates. The law indicates that, yes, there only needs to be a gist of a constitutional claim. However, that being said, there must be some factual or legal sufficiency adequate to pass muster. Here, the only factual instance that we have that his co-defendant received a lighter sentence was his own words. And I point to several cases in my briefs which state specifically the defendant has the burden at first stage to show that his factual allegations are corroborated by something, whether it be affidavits, whether it be other parts of the record. Surely, had the defendant – had his co-defendant had a worse record, all the defendant had to do was attach something that said what she got, maybe even an affidavit from her herself. And, of course, since it was his wife, one could presume he would be able to easily access that. And I point to several cases, the Foucault case, the Raymond case, the Morales case, and the Hansen cases, which all state a trial court has to have a rational basis to make its review. As the Shelton court stated in the first district, judges are not pigs hunting for truffles buried in briefs. The defendant had the burden to prove whatever he was saying or at least make some corroborating claim. By not doing it, this court is not required, surely, to go looking for whatever defendant claims may be. That is not the case here, and the defendant's assertion as her second reply in her reply brief is, I would say, wrong. Her third response is that it does not matter that the trial court had discretion to give the co-defendant any sentence she had. Basically, what I was saying in the first brief was that his co-defendant, because she pled after him, was still subject to discretion of the trial court as far as what the trial court was going to give her. They may have had to negotiate a plea for three years probation, but the trial court certainly could have stated, no, I would give you anywhere from the minimum to the maximum subscribed by law. Because of that, it does not matter what the defendant thought of his co-defendant's plea, even if the defendant knew nothing about it or even if he did know about his co-defendant's plea deal. It doesn't matter because since he pled first, what we have to look at to see whether he was knowingly and voluntarily pleading with the state was what he did. And his actions, again, speak loud. Here he said, and I quote from the record on page 11, have you had enough time to speak to your attorney about the case? Yes. Do you have any questions for your attorney? No. Are you satisfied with the advice and representation he gave you? Yes. Page 12 of the record, you're doing this voluntarily? Yes. Page 12 of the record again, you have had enough time to think about it and you believe this is the best choice under your circumstances? Yes, sir. Those clearly show he fully and knowingly, voluntarily pleaded to here. And what he had here was eight years in penitentiary. His maximum plea could have been 14 years in jail. Sure, given the fact that he was not given anywhere near the maximum sentence, this is the precise type of case where when the trauma court gives him a sentence that he knowingly and voluntarily pled into by his own words. This is not a case that should go to the extraneous measure to go into a second stage and perhaps enter a third stage to come back to the same conclusion that can be arrived at at the first stage. The defendant had to show factual or legal sufficiency, some type of corroboration to his claim. Merely because he says that there was a disparate sentencing claim does not mean the court had to review it any further without anything else to go along. Therefore, your honor, the state stresses that this court should affirm the trial court's decision to affirm the dismissal of the defendant's post-conviction petition at the first stage. Do you have any questions for me? I don't believe we do. Thank you very much. Thank you, counsel. We appreciate the briefs and the argument of counsel. We'll take the case under advisement of the courts in a short recess.